UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY SCHUMAKER, | ) | CASE NO. 1:16-cv-02424-DAP |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| MACY'S LOGISTICS AND OPERATIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**I. Background**

On October 3, 2016, Petitioner Stacy Schumaker filed in this Court her "Complaint and Motion to Vacate Arbitration Award Pursuant to 9 U.S.C.S. § 10." Compl., Doc #: 1. Plaintiff alleged jurisdiction on the basis of 9 U.S.C. § 10, which permits "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration" under certain enumerated circumstances. 9 U.S.C. § 10(a); Compl. ¶ 4.

On October 27, 2016, Respondent Macy's Logistics and Operations ("Macy's") moved to dismiss for lack of subject matter jurisdiction. Mot. to Dismiss, Doc #: 7.

On November 11, 2016, Schumaker filed a response in which she moved the Court to

instead transfer the case to state court. Mot. to Transfer, Doc #: 9.

This Order follows.

## II. Discussion

### A. Subject Matter Jurisdiction

The Court first notes that there is no dispute that it lacks subject matter jurisdiction over this case.

Macy's correctly observes that 9 U.S.C. § 10 does not confer federal subject matter jurisdiction. Mot. to Dismiss 2–3; *see Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) ("As for jurisdiction over controversies touching arbitration, the [Federal Arbitration] Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis."); *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) ("It is well established, however, that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction."). Schumaker does not dispute this description of the law. Mot. to Transfer 2.

Furthermore, no other basis for subject matter jurisdiction is alleged or apparent. The parties are not diverse, as both Macy's and Schumaker are alleged to be residents of Ohio. Compl. ¶¶ 2, 3. And there is no federal question, as Schumaker's arbitration claims appear entirely based on state law. *E.g.,* Compl. ¶ 84 (alleging "defamation and tortious interference with a contract").

### B. Transfer or Dismiss

Having established the Court lacks subject matter jurisdiction, the Court must determine what to do with the case. Macy's would have the Court dismiss the case; Schumaker would have

the Court transfer the case to state court. Macy's position is correct.

"Subject-matter jurisdiction refers to a court's power to hear a case. *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010). In the absence of subject matter jurisdiction, a court must dismiss or, in the case of removed actions, remand the case. *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813–14 (6th Cir. 2015) ("In the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Here, the case was brought originally in federal court (*not* removed), and there is no means by which the Court can transfer the case to state court. *See Bingham v. Pancake*, No. 5:09-CV-00095, 2011 WL 1134258, at *1–2, 2011 U.S. Dist. LEXIS 32487, at *3–5 (W.D. Ky. Mar. 25, 2011) ("Plaintiff's Motion to Transfer to the [Kentucky Board of Claims] is improper because a federal district court is not vested with the power to transfer an action pending before it to a state trial court. . . . While Plaintiff claims that transfer from federal to state court is not explicitly barred by the federal rules, she is incorrect. Indeed, dismissal of this action is the only appropriate measure the Court could take to allow the Plaintiff to pursue this action anew in a state forum."); *Richards v. McKee*, No. 12-CV-14148, 2013 WL 4009140, at *5, 2013 U.S. Dist. LEXIS 109621 (*R & R adopted by* 2013 U.S. Dist. LEXIS 109290), at *8 (E.D. Mich. Aug. 5, 2013) ("While Plaintiff requests 'transfer' of the state claims to Ionia state court, that is not the proper remedy. This case was originally filed in federal court. It was not removed from state court. Thus, remand and/or transfer to state court is not appropriate. Instead, the Court

recommends dismissal of the state law claims without prejudice, such that Plaintiff may refile them in the appropriate state court."); *Gregory v. Teague*, No. 1:14-CV-00015-GNS, 2015 WL 1401321, at *2, 2015 U.S. Dist. LEXIS 37573, at *4–5 (W.D. Ky. Mar. 25, 2015) ("The Court could not find any case law for the proposition that a court may remand an action to a state court in which it never originated. . . . There is no state court to which this Court could send this matter back, and thus there is no recipient court if this Court were to attempt to remand this action.").

The several cases Schumaker cites to support her argument that transfer to Ohio state court is appropriate are all inapposite. Each cited case was either removed from state court or involved transfer to another federal court. *See Hewlett v. Davis*, 844 F.2d 109 (3d Cir. 1988) (discussing removed case); *Carboun v. City of Chandler*, No. CV032146PHXDGC, 2005 WL 2408294, 2005 U.S. Dist. LEXIS 21950 (D. Ariz. Sept. 27, 2005) (discussing removed case); *Portee v. Cleveland Clinic Found.*, No. 1:13-cv-01582-SEB-TAB, 2015 U.S. Dist. LEXIS 14385, at *2 (S.D. Ind. Feb. 6, 2015) (discussing transfer to a federal court); *Collazo v. Enter. Holdings, Inc.*, 823 F. Supp. 2d 865, 876 (N.D. Ind. 2011) (discussing transfer to a federal court); *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 51 (D.D.C. 1994) (discussing transfer to a federal court).

Thus, the appropriate remedy is the dismissal of the case without prejudice so that Schumaker may refile in the appropriate state court. Although the Court cannot say that the Ohio survival statute, Ohio Rev. Code Ann. § 2305.19, will necessarily allow Schumaker's claim to be refiled, "involuntary dismissals for lack of subject matter jurisdiction are deemed failures 'otherwise than upon the merits.'" *Tattletale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold LLP*, 772 F. Supp. 2d 893, 896 (S.D. Ohio 2011); *accord Wasyk v. Trent*, 191 N.E.2d

58, 62 (Ohio 1963).

### III. Conclusion

Accordingly, Motion to Dismiss, Doc #: 7, is GRANTED; Motion to Transfer, Doc #: 9, is DENIED; and the above-captioned case is DISMISSED without prejudice for want of subject matter jurisdiction.

IT IS SO ORDERED.

*/s/ Dan A. Polster     Nov. 15, 2016*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**